Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
Natalie A. Muscatello (SBN 307710)
muscatellon@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BYRON CLENDENEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL BY DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 AND 1446** |

PLEASE TAKE NOTICE that Defendant Volkswagen Group of America, Inc. ("VW America"), through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This removal is made pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the reasons below.

## THE REMOVED ACTION

2. This civil action was originally filed on July 18, 2017 in Santa Clara County under Case Number 17CV313212. The case subsequently was transferred to Judicial Council Coordination Proceeding No. 4848 (the "JCCP") in the Superior Court of the State of California, County of San Francisco where it is currently pending (Case No. CJC-16-004848). The Superior Court where the case is currently pending is located within this District. A copy of the Complaint is attached as Exhibit A.

3. This case was not originally removable at the time it was filed because of the presence of a non-diverse defendant, Corbro, LLC (d/b/a Stevens Creek Volkswagen) (the "Dealer Defendant"). After VW America and the Dealer Defendant moved to compel arbitration under the purchase agreement provided by Plaintiff, on November 14, 2018, Plaintiff filed a Request for Dismissal of the Dealer Defendant. That Dismissal request was served on VW America's counsel through electronic service on the same day. A copy of the Request for Dismissal is attached as Exhibit B. On November 14, 2018, the court entered the dismissal of the Dealer Defendant, which was served on VW America's counsel on November 14, 2018. A copy of the entry of the dismissal is attached as Exhibit C.

4. In addition to the foregoing exhibits, copies of the following documents referenced in this Notice are attached as exhibits hereto:

| | |
|---|---|
| Exhibit D | Excerpts of Notice of Petition for Coordination and Stay of Action |
| Exhibit E | Order Granting the 8th Petition for Coordination of Add-On Cases |
| Exhibit F | Docket sheet for Action in Santa Clara County Superior Court |
| Exhibit G | Docket sheet Action in San Francisco Superior Court |
| Exhibit H | Order After June 27, 2018 Case Management Conference in the San Francisco County Superior Court proceeding |
| Exhibit I | Notice of Motion and Motion to Compel Arbitration and for Stay of the Purchase Plaintiffs' Claims and supporting memorandum of points and authorities |

5. The Complaint brings claims on behalf of an individual Plaintiff related to Plaintiff's alleged purchase of a 2013 Volkswagen Touareg. (Compl. ¶ 8.) This action is based on allegations concerning the widely publicized EPA Notice of Violation, dated September 18, 2015 (the "EPA Notice"), relating to the alleged installation of emissions testing "defeat device" software in certain Volkswagen diesel vehicles in violation of the Clean Air Act, 42 U.S.C. § 7401 *et seq.* (*See, e.g.*, Compl. ¶ 9 ("The vehicle was delivered to Plaintiff with . . . a defeat device that was programmed to give false emissions readings during emissions testing . . . ."); *id.* ¶ 12 ("[A]t the time of acquisition the vehicle was equipped with a so-called 'defeat device, designed specifically to cheat on emissions tests . . . ."); *id.* ¶ 96 ("[T]he Vehicle as delivered to Plaintiff was equipped with [a] 'defeat device' that was specifically designed to circumvent government environmental regulations . . . .").)

6. The Judicial Panel on Multidistrict Litigation has consolidated hundreds of cases alleging similar claims to the instant action in the United States

Case 3:18-cv-07040-CRB   Document 1   Filed 11/20/18   Page 4 of 11

District Court for the Northern District of California as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, Case No. 3:15-md-02672-CRB (MDL No. 2672).

**TIMELINESS**

7.   Removal is timely under 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff filed a Request for Dismissal for the non-diverse Dealer Defendant on November 14, 2018, and the dismissal was entered by the court on November 14, 2018 and served on VW America's counsel on November 14, 2018. (*See* Exs. B, C.) This notice of removal is filed within 30 days after service on VW America's counsel of the court's entry of the dismissal.

8.   Although more than a year has passed since commencement of this action, removal is appropriate under 28 U.S.C. § 1446(c)(1) because Plaintiff's counsel has acted in bad faith to prevent VW America from removing this action.

9.   "The Ninth Circuit has not addressed the standard to be applied to meet the bad faith requirement of the amendment to Section 1446." *Weber* v. *Ritz-Carlton Hotel Co., L.L.C.*, 2018 WL 4491210, at *3 (N.D. Cal. Sept. 19, 2018). But district courts in this circuit have "interpret[ed] the bad-faith exception as applying to plaintiffs who engage in strategic gamesmanship by keeping a removal-spoiling party in the case past the one-year mark in order to prevent a defendant's removal from state court." *Weber*, 2018 WL 4491210, at *3; *see also Chavez* v. *Time Warner Cable LLC*, 2016 WL 7647559, at *8 (C.D. Cal. Jan. 11, 2016) (holding that "Plaintiff engaged in bad faith based on the timing of his amendments" where "Plaintiff originally asserted PAGA [*i.e.*, Private Attorney General Act] claims in state court," "immediately deleted his PAGA claims [after

SULLIVAN & CROMWELL LLP

-3-

NOTICE OF REMOVAL

the case was removed], thereby falling below the jurisdictional threshold," and then, "[o]nce back in state court, [] reasserted the same PAGA claims one month after the one-year limit had lapsed"). Courts have also held that a plaintiff's failure to actively litigate his or her claims against the non-diverse defendant can be evidence of bad faith under 28 U.S.C. § 1446(c)(1). *See Aguayo* v. *AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262, 1273 (D.N.M. 2014) (adopting standard that "failure to actively litigate against the removal spoiler will be deemed bad faith" and requiring that plaintiff's "desire to stay in state court . . . be the but-for cause of the plaintiff's decision to keep the removal spoiler joined in the case past the one-year mark"); *see also Heller* v. *Am. States Ins. Co.*, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016) (holding that delay in dismissing non-diverse defendant was not justified where "[plaintiff] has not produced sufficient evidence of [] diligence," "never served any written discovery pertaining to [non-diverse defendant's] work"); *Lawson* v. *Parker Hannifin Corp.*, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (denying motion for remand where "the evidence cited [] does establish [plaintiff's] attempt to circumvent [defendant's] ability to remove the case within the one-year period" and plaintiff "consistently failed to take steps to prosecute her claims against [the non-diverse defendant").[1]

10. Plaintiff's counsel in this case has engaged in precisely the type of "strategic gamesmanship" that demonstrates bad faith. Plaintiff originally named the Dealer Defendant, a California entity, as a defendant, thus destroying diversity. (*See* Ex. A.) On VW America's motion, the action was transferred to a coordinated proceeding in the Superior Court of San Francisco and has been stayed since that time. (*See* Exs. C, D.) At the June 27, 2018 Case Management

---

[1] Courts do not distinguish between the conduct of plaintiffs and their counsel when determining bad faith for purposes of 28 U.S.C. § 1446(c)(1). *See Heller*, 2016 WL 1170891, at *1 (finding that plaintiff acted in bad faith when plaintiff never served a non-diverse defendant and his counsel provided inconsistent explanations for this failure to the court); *Chavez* v. *Time Warner Cable, LLC*, 728 Fed. Appx. 645, 647 (9th Cir. 2018) (holding that action was timely removed under 28 U.S.C. § 1446(c)(1) where "the district court did not clearly err in determining that *Chavez's counsel* acted in bad faith").

Conference, the presiding judge granted VW America and the Dealer Defendant leave to file a motion to compel arbitration of Plaintiff's claims.  (*See* Ex. G.)  On October 1, 2018, VW America and the Dealer Defendant filed their motion to compel arbitration against Plaintiff on the ground that Plaintiff's purchase agreement with the Dealer Defendant contained a broad arbitration provision compelling Plaintiff to arbitrate the claims asserted in the Complaint.  (*See* Ex. H.)  Just days before the November 16, 2018 deadline for Defendants to file a reply in support of their the motion to compel arbitration—and more than a year after the case was filed—Plaintiffs filed the Request to Dismiss the Dealer Defendant and served it on VW America's counsel via electronic service.  (Ex. B.)  Furthermore, on October 31, 2018, Plaintiffs filed an opposition to Defendants' motion to compel arbitration citing the requests for dismissal of the Dealer Defendant as a basis to deny the motion.

    11. The timing of Plaintiff's dismissal is powerful evidence that Plaintiff's counsel: (i) advised Plaintiff to name the non-diverse Dealer Defendant as a defendant in the action solely to defeat diversity jurisdiction, without ever intending to pursue its claims against the Dealer Defendant; and (ii) advised Plaintiff to dismiss the non-diverse Dealer Defendant from the action as soon as its presence in the case prevented Plaintiff from proceeding in their desired forum in California state court.  Notably, Plaintiff's counsel have filed requests for dismissal of dealer defendants on behalf of their clients *in all eighteen of the cases that are subject to the motion to compel arbitration* (*see* Ex. G), but have not filed requests for dismissal of the dealer defendants in the eight other cases for which they are counsel in the JCCP that are *not* subject to VW America's motion to compel arbitration. In short, Plaintiff's counsel engaged in a "suspicious ploy to evade removal by waiting out the clock" and has acted in bad faith.  *Chavez*, 2016 WL 7647559, at *8.  But for the pretextual inclusion of the Dealer Defendant in the

case to defeat diversity removal, VW America would have removed this action to federal court immediately upon being served with the Complaint.

### VENUE

12. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending before removal. The Superior Court of the State of California for the County of San Francisco is located within the Northern District of California.

### JURISDICTION IS PROPER UNDER § 1332(a)

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this action satisfies both requirements.

14. ***There is Complete Diversity of Citizenship.*** Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co.* v. *Kroger,* 437 U.S. 365, 373 (1978).

15. Plaintiff is a citizen and resident of California. (*See* Compl. ¶ 2.)

16. VW America is incorporated under the laws of the state of New Jersey and maintains its headquarters and principal place of business in the state of Virginia. *See Kim* v. *Volkswagen Group of Am., Inc.*, 2013 WL 1283399 at *1 (N.D. Cal. Mar. 26, 2013) (VW America "is a New Jersey corporation with its principal place of business in Virginia.").

17. The Court should disregard Defendants sued under the fictitious names DOES 1 through 10 for purposes of determining whether complete diversity

1 | exists.  *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under
2 | fictitious names shall be disregarded.").

3 |       18.    Because Plaintiff is a citizen of California and VW America is deemed a citizen of New Jersey and Virginia, there is complete diversity of citizenship in this action as required by § 1332(a).

      19.    ***The Amount In Controversy Exceeds $75,000.***  Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  The Complaint does not specify the amount in controversy, but Plaintiff requests "general, special and actual damages," "rescission of the purchase contract and restitution," "incidental and consequential damages," "prejudgment interest," "punitive damages pursuant to Civil Code section 3294," "reasonable attorney's fees and costs of suit," and "such other and further relief as the Court deems just and proper."  (Compl. at 29.)

      20.    In cases premised on the same warranty laws at issue in this action, courts have held that a request for attorneys' fees pushed the amount in controversy over the jurisdictional minimum required for diversity jurisdiction. *See*, *e.g.*, *Anyanwu* v. *Jaguar Land Rover N. Am., LLC*, 2015 WL 3644004, at *3 (C.D. Cal. June 8, 2015) (finding lemon law claim met the amount in controversy requirement in part because warranty law allowed for attorneys' fees); *Brady* v. *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002) (holding that amount-in-controversy requirement was met because "lemon law cases" may involve "fee awards . . . of over $60,000").

      21.    Based on Plaintiff's claims for "general, special and actual damages," "incidental and consequential damages," and "punitive damages," compounded by Plaintiff's claim to "reasonable attorney's fees," (Compl. at 29), the amount in controversy exceeds the jurisdictional minimum of $75,000, vesting this Court with jurisdiction under 28 U.S.C. § 1332(a).  *See*, *e.g.*, *Dart Cherokee Basin Operating Co.* v. *Owens*, 135 S. Ct. 547, 554 (2014) (notice of removal

"need include only a plausible allegation that the amount in controversy exceeds the [$75,000] jurisdictional threshold"); *BMW of N. Am., Inc.* v. *Gore*, 517 U.S. 559, 581 (1996) (describing previously-approved punitive damages awards four and ten times greater than compensatory damages); *Galt G/S* v. *JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) ("attorneys' fees can be taken into account in determining the amount in controversy" (internal citations omitted)); *Lewis* v. *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Rile* v. *STRS Ohio CA Real Estate Inv. 1 LLC*, 2010 WL 1838965, at *1, *3 (N.D. Cal. May 3, 2010) (finding the amount in controversy met where plaintiffs sought $11,000 in damages and defendants "reasonably anticipate thousands of dollars in attorneys' fees").[2]

### NOTICE TO ADVERSE PARTY AND STATE COURT

22.     Pursuant to 28 U.S.C. § 1446(d), VW America is serving written notification of the removal of this case on Plaintiff's counsel (identified below):

> Steve Mikhov
> KNIGHT LAW GROUP, LLP
> 10250 Constellation Blvd., Suite 2500
> Los Angeles, CA 90067

23.     Pursuant to 28 U.S.C. § 1446(d), VW America promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, San Francisco County.

### CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, VW America hereby removes this action from the Superior Court of the State of California,

---

[2] In making its good faith calculations of the amounts being sought by the Complaint, VW America does not concede or admit, in any fashion, that any claims for such amount, or any amounts, have legal or factual merit and reserves all rights and defenses to such claims.

1 | County of San Francisco, to the United States District Court for the Northern
2 | District of California.

Dated: November 20, 2018

*/s/ Laura K. Oswell*
Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
Natalie A. Muscatello (SBN 307710)
muscatellon@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Tel.: (650) 461-5600
Fax: (650) 461-5700

*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*

# CERTIFICATE OF SERVICE

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On November 20, 2018, I served a copy of the following document(s):

**NOTICE OF REMOVAL BY DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 AND 1446**

on the interested parties in this action by placing a copy of this document in an envelope addressed as follows:

Steve Mikhov / Amy Morse
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067

☑ **BY OVERNIGHT DELIVERY:** I deposited the documents described above in a sealed envelope, with a prepaid shipping label for express delivery and caused such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ] BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM: In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(ies) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

**[X]** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on November 20, 2018, at Palo Alto, California.

*/s/ Jodi L. Carr*
Jodi L. Carr